

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 4:23CR 243 |
| | § | Mazzant |
| LASHONDA MOORE (01) | § | |
| MARLON MOORE (02) | § | |

## INDICTMENT

THE GRAND JURY CHARGES:

At all times relevant to this Indictment:

### *The Defendants and Relevant Entity*

1. Defendants **LASHONDA MOORE** and **MARLON MOORE** were wife and husband, and residents of Prosper, Texas.

2. BINT Operations LLC was a Texas limited liability company, formed in August 2020. Defendants **LASHONDA MOORE** and **MARLON MOORE** controlled BINT Operations and were the signers on its bank accounts.

### *Relevant Background on Pyramid Schemes*

3. Pyramid schemes are illegal promotional programs whereby (a) new participants are induced to pay money into the scheme in exchange for the right to recruit new participants, and (b) participants' profit in the scheme derives from their recruitment of new participants rather than the sale of a product or service. Pyramid schemes inevitably collapse because they require an ever-expanding base of new participants for the existing participants to realize a profit on their initial investments.

### *Overview of the Conspiracy and Scheme to Defraud*

4. From in or around June 2020 and continuing until in or around June 2021, defendants **LASHONDA MOORE** and **MARLON MOORE** conspired and agreed with each other to create and run an illegal pyramid scheme called Blessings in No Time ("BINT") from their home. BINT was a chain-referral pyramid scheme that targeted the African American community during the COVID-19 pandemic with false and misleading statements and promises regarding high returns, guaranteed refunds if participants were unsatisfied with the program, the ability to earn hundreds of thousands or millions of dollars, and the supposed legitimacy of BINT.

### *The Purpose of the Conspiracy and Scheme to Defraud*

5. The purpose of the conspiracy and scheme to defraud was for defendants **LASHONDA MOORE** and **MARLON MOORE**, and others, to unlawfully enrich themselves by operating an illegal pyramid scheme and to conceal their scheme from outside scrutiny.

### *Manner and Means of the Conspiracy and Scheme to Defraud*

6. The manner and means by which defendants **LASHONDA MOORE** and **MARLON MOORE** sought to and did accomplish the purpose of the conspiracy and scheme to defraud included, but were not limited to, the following:

7. Defendants **LASHONDA MOORE** and **MARLON MOORE** promoted BINT to African Americans as a profitable and legitimate investment opportunity, when in truth and in fact they knew they were operating an illegal pyramid scheme.

8. Defendants **LASHONDA MOORE** and **MARLON MOORE** made false and misleading promises in marketing material and video presentations to potential and existing BINT participants that they would make high returns and that any dissatisfied participants could receive a full refund, when in truth and in fact it was impossible for all participants to receive such returns or refunds.

9. Defendants **LASHONDA MOORE** and **MARLON MOORE** structured BINT so that it operated on "playing boards" that had four levels: Fire, Wind, Earth, and Water. Each playing board had eight Fire positions on the outside, four Wind positions closer in, two Earth positions next to the center, and one Water position at the center. Each BINT participant started in the scheme as a Fire on a board assigned to them. The Fires were directed to "bless" or pay the Water either $1400 or $1425, so that the Water received $11,200 or $11,400 in total. Once all Fires paid the Water, then the board split into two, and every Fire moved into a Wind position. Every Wind then had to recruit two Fires, and, once the new Fires made their payments, the board split and the Winds became an Earth on their respective new boards. After one more round of Fires were recruited and made their payments, the board split again, and the Earths finally became Waters and were eligible to receive their payments from the Fires. In other words, eight new participants had to be recruited into the scheme for a single earlier participant to receive a return on their initial investment.

10. On occasion, due to difficulties in recruiting enough new participants, defendants LASHONDA MOORE and MARLON MOORE changed the payout structure

so that a participant in the Water position would receive 4 payments from Fires, totaling $5,700, rather than 8 payments. The purpose of this change was to make it faster and easier for participants to receive a return on their initial investment. They called this change "fusion."

11. Starting in or around August 2020, defendants **LASHONDA MOORE** and **MARLON MOORE** required BINT participants to use an online platform called Conecmi to populate playing boards, coordinate payments between Fires and Waters, and facilitate the splitting of boards. BINT participants had to pay an $85 monthly fee to access Conecmi. Members applied to join the program through the website bintapp.com.

12. Defendants **LASHONDA MOORE** and **MARLON MOORE** profited from the scheme in two primary ways: (1) by placing themselves or family members in the Water position on multiple playing boards so they would receive the payments from participants in the Fire position; and (2) diverting to themselves substantial sums from the monies participants paid to Conecmi every month.

13. Defendants **LASHONDA MOORE** and **MARLON MOORE** attempted to avoid scrutiny by financial institutions and payment processors by instructing participants —who used services such as CashApp, Venmo, PayPal, and Zelle to make their required Fire payments—to avoid using the words "gift" or "blessing" in the reference or memo lines when sending payments.

14. Defendants **LASHONDA MOORE** and **MARLON MOORE** attempted to avoid detection and scrutiny by legal authorities by prohibiting BINT participants from posting about BINT on social media on pain of being kicked out of the program entirely.

15. Defendants **LASHONDA MOORE** and **MARLON MOORE** falsely reassured participants that BINT was operating within legal boundaries by, among other means, referring to the supposed participation in BINT of government employees at the IRS and the Pentagon.

16. In total, as part of their illegal pyramid scheme, defendants **LASHONDA MOORE** and **MARLON MOORE** recruited over 8,000 individuals into BINT and caused participants to pay over $10 million into the program.

## COUNT ONE

Violation: 18 U.S.C. § 1349
(Conspiracy)

17. Paragraphs 1 through 16 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

18. Beginning in or around June 2020, and continuing until in or around June 2021, in Denton and Collin counties, within the Eastern District of Texas, and elsewhere, defendants **LASHONDA MOORE** and **MARLON MOORE** did knowingly and intentionally, that is, with the intent to advance the conspiracy, combine, conspire, and agree with other individuals, known and unknown, to commit certain offenses against the United States, namely, wire fraud, that is, to knowingly, and with the intent to defraud, having devised and intending to devise a scheme and artifice to defraud, and to obtain

money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing such pretenses, representations, and promises were false and fraudulent when made, transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

### *Purpose of the Conspiracy*

19. The Grand Jury realleges and incorporates by reference paragraph 5 of this Indictment as a description of the purpose of the conspiracy.

### *Manner and Means of the Conspiracy*

20. In furtherance of the conspiracy, and to accomplish its object, the methods, manner, and means that were used are described in paragraphs 6 through 16 of this Indictment and are realleged and incorporated by reference as though fully set forth herein.

All in violation 18 U.S.C. § 1349.

### COUNTS TWO THROUGH SIX

> Violation: 18 U.S.C. § 1343
> (Wire Fraud)

21. Paragraphs 1 through 16 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

22. On or about the dates specified as to each count below, in Collin and Denton counties, within the Eastern District of Texas, and elsewhere, defendants

**LASHONDA MOORE and MARLON MOORE**

did knowingly, and with the intent to defraud, having devised and intending to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing such pretenses, representations, and promises were false and fraudulent when made, transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, writings, signals, pictures, and sounds, for the purpose of executing such scheme and artifice.

### *Purpose*

23. The Grand Jury realleges and incorporates by reference paragraph 5 of this Indictment as a description of the purpose of the scheme and artifice to defraud.

### *Scheme and Artifice to Defraud*

24. The Grand Jury realleges and incorporates by reference paragraphs 6 through 16 of this Indictment as a description of the scheme and artifice to defraud.

### *Use of the Wires*

25. On or about the dates specified as to each count below, **LASHONDA MOORE** and **MARLON MOORE**, in the Eastern District of Texas, and elsewhere, for the purpose of executing the aforesaid scheme and artifice to defraud, and attempting to do so, did knowingly transmit and cause to be transmitted, by means of wire, radio, and television communication, writings, signals, pictures, and sounds in interstate and foreign commerce:

| Count | On or About Date | Description of Interstate Wire |
|---|---|---|
| 2 | August 5, 2020 | Interstate wire transfer of approximately $1,400.00 from Victim CM in Arkansas to CashApp account ending in ay9y in the Eastern District of Texas. |
| 3 | August 21, 2020 | Interstate wire transfer of approximately $85.00 from Victim DP in the Eastern District of Texas to Conecmi LLC's account with Stripe Inc. |
| 4 | September 17, 2020 | Interstate wire transfer of approximately $1,425.08 from Victim SD in Arkansas to CashApp account ending in gy5n in the Eastern District of Texas. |
| 5 | September 23, 2020 | Internet video live stream broadcast from within the Eastern District of Texas to BINT participants, outside the state of Texas |
| 6 | November 7, 2020 | Internet video live stream broadcast from within the Eastern District of Texas to BINT participants, outside the state of Texas |

All in violation of 18 U.S.C. § 1343.

## COUNTS SEVEN THROUGH NINE

Violation: 18 U.S.C. § 1957
(Money Laundering)

26. Paragraphs 1 through 16 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

27. On or about the dates specified as to each count below, in Collin and Denton counties, within the Eastern District of Texas, and elsewhere, defendants

### LASHONDA MOORE and MARLON MOORE

did knowingly engage and attempt to engage in a monetary transaction affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such

property having been derived from a specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, each transaction constituting a separate count:

| Count | On or About Date | Description of Monetary Transaction |
|---|---|---|
| 7 | November 20, 2020 | Electronic transfer of $20,000 from account at BBVA USA Bank (now known as PNC Bank) ending in 4252 in the name of MARLON MOORE to loan payment number ending in 0633. |
| 8 | November 25, 2020 | Check card payment of $15,937.06 from account at Bank of America ending in 1111 in the name of BINT Operations LLC to Paradisus Los Cabos Beach Resort in Los Cabos, Mexico. |
| 9 | January 19, 2021 | Electronic transfer of $446,761.74 from account at Bank of America ending in 1111 in the name of BINT Operations LLC to mortgage lender of the property at 3100 Kennington Drive, Prosper, Texas. |

All in violation of 18 U.S.C. § 1957.

# NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
18 U.S.C. § 981(a)(1) and 28 U.S.C. § 2461

As a result of committing the offenses as alleged in this Indictment, defendants shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1) and 28 U.S.C. § 2461 any and all property, real or personal, involved in or traceable to property involved in the offense, including proceeds obtained directly or indirectly from the offense, and the following:

## Cash Proceeds

A sum of money equal to at least $2,000,000 in United States currency, and all interest and proceeds traceable thereto, representing the amount of proceeds obtained by defendants as a result of the offense alleged in this Indictment, for which the defendants are personally liable.

## Substitute Assets

If any property subject to forfeiture, as a result of any act or omission by defendants:

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with a third party;
(c) has been placed beyond the jurisdiction of the court;
(d) has been substantially diminished in value; or
(e) has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of defendants up to the value of the above forfeitable property, including but not limited to all property, both real and personal, owned by defendants.

By virtue of the commission of the felony offenses charged in this Indictment, any and all interest defendants have in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1) and 28 U.S.C. § 2461.

A TRUE BILL

_____
GRAND JURY FOREPERSON

GLENN S. LEON
CHIEF, FRAUD SECTION
CRIMINAL DIVISION, DOJ

_____     __11/8/23__
THEODORE M. KNELLER            Date
Trial Attorney
WILLIAM JOHNSTON
Assistant Chief

DAMIEN M. DIGGS
UNITED STATES ATTORNEY

NATHANIEL KUMMERFELD
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § | NO. 4:23CR 243 |
| | § | Mazzant |
| LASHONDA MOORE (01) | § | |
| MARLON MOORE (02) | § | |

## NOTICE OF PENALTY

### COUNT ONE

Violation: 18 U.S.C. § 1349
(Conspiracy to Commit Wire Fraud)

Penalty: A fine of $250,000, or twice the pecuniary gain to the defendant or loss of the victim(s), whichever is greater; imprisonment for not more than 20 years; and a term of supervised release of not more than 3 years.

### COUNTS TWO THROUGH SIX

Violation: 18 U.S.C. § 1343
(Wire Fraud)

Penalty: A fine of not more than $250,000, or twice the pecuniary gain to the defendant or loss of the victim(s), whichever is greater; and/or imprisonment for not more than 20 years; and a term of supervised release of not more than 3 years.

### COUNTS SEVEN THROUGH NINE

Violation: 18 U.S.C. § 1957
(Money Laundering)

Penalty: A fine of not more than $250,000, or twice the value of the transaction, whichever is greater; and/or imprisonment for not more than 10 years; and a term of supervised release of not more than 3 years.