IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:23-CR-243 |
| | § | Judge Mazzant |
| LASHONDA MOORE (01) | § | |
| MARLON MOORE (02) | § | |

**UNITED STATES' OPPOSED MOTION TO COMPEL DISCOVERY RELATED TO ADVICE-OF-COUNSEL DEFENSE**

The United States of America files this motion requesting that the Court find that

LaShonda Moore and Marlon Moore (collectively, the "defendants") have waived all

relevant claims of attorney-client privilege and attorney work product protection

concerning any legal advice related to the advice-of-counsel defense that defendants

intend to assert at trial. The government also seeks an order compelling defendants to

(a) provide notice of the specific advice that defendants intend to rely on for their advice-

of-counsel defense(s) that they intend to assert at trial; (b) identify the specific attorneys

who provided the relied upon advice; and (c) produce all relevant discoverable materials

concerning such advice-of-counsel defense(s) by the later of either (i) January 20, 2025, or

(ii) 14 days before trial. In the alternative, the government moves that the Court hold an

evidentiary hearing prior to trial, which is currently scheduled for February 3, 2025, to

determine the relevance and scope of defendants' advice-of-counsel defense(s) and related

privilege waiver issues.

On December 11 and 12, 2024, in response to the government's request for notice,

defendants informed the government that they intend to assert at trial an advice-of-counsel

United States' Motion to Compel Discovery Related to Advice-of-Counsel Defense - 1

defense.  As of the time of this filing, defendants have not identified the relevant attorneys nor disclosed the nature of the legal advice that defendants purportedly relied on.  In addition, defendants have not provided privilege waivers or produced discoverable materials, nor have they provided an anticipated timeline to do so.  Accordingly, the government respectfully requests that the Court enter an order compelling defendants to produce full reciprocal discovery to the government concerning their advice-of-counsel defense by the later of January 20, 2025, or 14 days prior to trial.

As set forth below, defendants that assert an advice-of-counsel defense have implicitly waived any applicable attorney-client privilege and are obligated to provide complete reciprocal discovery to the government.  Failure to timely produce such discoverable materials prior to trial will seriously risk unnecessary delay once the trial has begun and is likely to result in a waste of judicial resources.

## FACTUAL BACKGROUND

On November 8, 2023, a federal grand jury returned an indictment charging LaShonda Moore and Marlon Moore, a married couple, with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349; wire fraud, in violation of 18 U.S.C. § 1343; and money laundering, in violation of 18 U.S.C. § 1957.  (ECF 1.)  The indictment alleges that from June 2020 to June 2021, the defendants operated an illegal pyramid scheme called Blessings In No Time or "BINT."  (*Id.* at ¶ 4.)  According to the indictment, BINT was a chain-referral pyramid scheme that targeted the African American community during the COVID-19 pandemic with false and misleading statements and promises regarding high-yield returns, guaranteed refunds if participants were unsatisfied with the program, the

ability to earn hundreds of thousands or millions of dollars, and the supposed legitimacy of BINT. (*Id.*)

The indictment alleges that defendants promoted BINT as a profitable and legitimate investment opportunity, when they knew they were operating an illegal pyramid scheme. (*Id.* at ¶ 7.) Defendants made false and misleading promises in marketing material and video presentations to potential and existing BINT participants that participants would make high yield returns (*e.g.,* 800% returns) and that any dissatisfied participants could receive a full refund, when in truth it was impossible for all participants to receive such returns or refunds. (*Id.* at ¶¶ 8-9.) Defendants also falsely reassured participants that BINT was operating within legal boundaries. (*Id.* at ¶ 15.) Defendants recruited over 8,000 individuals into BINT and caused participants to pay over $10 million into the program. (*Id.* at ¶ 16.)

On December 2, 2024, the government requested reasonable notice of any advice-of-counsel defense and the applicable privilege waivers. (*See* Exhibit A, Gov't Letter to Defense Counsel, Dec. 2, 2024.)

On December 10, 2024, counsel for defendant Marlon Moore responded that they "do intend to raise [the advice-of-counsel] defense" at trial. (*See* Exhibit B, Email from Ron Uselton, Counsel for Marlon Moore, Dec. 10, 2024).[1]

---

[1] In addition, counsel for defendant Marlon Moore supplemented their response with what appears to be potential good-faith defenses based on: (1) advice from a non-attorney family friend, who allegedly provided consulting advice on compliance and business practices and had purported "connections within the Arkansas Attorney General's office and assured them that their business structure was reviewed and compliant"; and (2) purported assurances from defendants' "software people that the software would indicate irregularities." (*Id.*)

United States' Motion to Compel Discovery Related to Advice-of-Counsel Defense - 3

On December 11, 2024, counsel for defendant LaShonda Moore responded to the government's request for notice of any advice-of-counsel defense that Ms. Moore had been advised by at least one attorney, and potentially others, and Ms. Moore was "in the process of obtaining" such attorneys' names and contact information.  (*See* Exhibit C, Letter from Counsel for LaShonda Moore, Dec. 11, 2024).

Subsequently, on December 11, 2024, the government requested defendants produce discoverable materials related to the matters that they described in their responses by December 18, 2024.  (*See* Exhibit D, Gov't Letter to Defense Counsel, Dec. 11, 2024.)  The government also sought defendants' position, whether opposed or unopposed, to the relief sought in this motion.

On December 12, 2024, defendant LaShonda Moore filed a Motion for a Continuance to May or June 2025.  (ECF 36.)

On December 13, 2024, defendants LaShonda Moore and Marlon Moore filed an Amended Joint Motion for a Continuance of the trial date to May or June 2025.  The government was not opposed to any continuance in which the trial date was scheduled on or before June 2, 2025.  (ECF 37.)

On December 30, 2024, the Court denied defendants' motions to continue the trial date, which is currently set for February 3, 2025.  (ECF 38.)

On December 31, 2024, the government again sought defendants' response to the government's December 11th letter for reciprocal discovery and privilege waivers for any advice-of-counsel defense that they intended to assert at trial.  On December 31, 2024, counsel for LaShonda Moore responded as set forth in the certificate of

United States' Motion to Compel Discovery Related to Advice-of-Counsel Defense - 4

conference below.  (*See* Exhibit E, Email from Michael Hawk, Counsel for LaShonda Moore, Dec. 31, 2024.)  As of the time of this filing, defendant Marlon Moore has not responded to the requests in the government's December 11, 2024, letter.

## ARGUMENT

To avoid the waste of judicial resources and unnecessary delays mid-trial, the Court should grant this motion and find that defendants have waived the attorney-client privilege and attorney work product protections concerning any legal advice related to the advice-of-counsel defense that defendants intend to assert at trial.  Furthermore, the Court should order defendants to (1) provide notice of the specific advice that defendants intend to rely on for their advice-of-counsel defense(s) that they intend to assert at trial; (2) identify the specific attorneys who provided the relied upon advice; and (3) produce all relevant discoverable materials concerning such advice-of-counsel defense(s).

### A. Compelling Pre-Trial Reciprocal Discovery is Necessary Because an Advice-of-Counsel Defense is a Fact-Intensive Inquiry

The advice-of-counsel defense is a fact-intensive defense that is likely to create substantial problems of fairness and efficiency if raised for the first time during the trial. *United States v. Dallmann*, 433 F. Supp. 3d 804, 811 (E.D. Va. 2020) (*citing United States v. Mubayyid*, 2007 WL 1826067, at *2 (D. Mass. June 22, 2007)).

An advice-of-counsel defense has four elements: (1) before taking action, the defendant in good faith sought the advice of an attorney; (2) for the purpose of securing advice on the lawfulness of potential future conduct; (3) gave a full and accurate report

of all material facts; and (4) the defendant acted strictly in accordance with the attorney's advice. *United States v. Shah*, 95 F.4th 328, 378 (5th Cir. 2024). Determining whether each prong of the defense can be satisfied is a fact-intensive inquiry concerning potentially privileged communications.

A successful advice-of-counsel defense negates willfulness by "creating (or perpetuating) an honest misunderstanding of one's legal duties." *Shah*, 95 F.4th at 378 (internal quotations and citations omitted). "The advice of counsel defense is only applicable where it may negate willful violation of the law." *United States v. Ragsdale*, 426 F.3d 765, 778 (5th Cir. 2005) (citing *United States v. Mathes*, 151 F.3d 251, 255 (5th Cir.1998)). "To the extent that advice of counsel may be relied upon to negate the *mens rea* of a specific intent crime, such advice must be given on full disclosure of all the facts." *United States v. Curtis*, 769 F.3d 271, 276 (5th Cir. 2014).

Furthermore, "because an advice-of-counsel defense is complex it may raise issues requiring additional briefing before trial." *United States v. Crowder*, 325 F. Supp. 3d 131, 138 (D.D.C. 2018). Special issues of relevance arise when a defendant intends to offer evidence at trial to establish an advice-of-counsel defense. *United States v. Impastato*, 535 F. Supp. 2d 732, 740 (E.D. La. 2008). For example, evidence offered at trial to establish an advice-of-counsel defense is only relevant if the legal advice "actually addressed the crimes alleged" or "whether the advice of counsel defense negates the relevant *mens rea* of the crimes alleged in the indictment." *Id.* (*citing United States v. Ragsdale*, 426 F.3d 765, 778 (5th Cir.2005) (affirming district court's refusal to allow defendant to present reliance on advice of counsel defense

where the crime, mailing obscene materials, only required that the defendant act "knowingly," not willfully))[2]; *see also United States v. Mathes*, 151 F.3d 251, 255 (5th Cir.1998) ("[r]eliance on counsel's advice excuses a criminal act only to the extent it negates willfulness[,] and to negate willfulness counsel's advice must create (or perpetuate) an honest misunderstanding of one's legal duties.") (citations omitted); *United States v. Carr*, 740 F.2d 339, 346 n. 11 (5th Cir.1984) ("Strictly speaking, good faith reliance on advice of counsel is not really a defense to an allegation of fraud but is the basis for a jury instruction on whether or not the defendant possessed the requisite specific intent.").

It is imperative that defendants be ordered to produce discovery prior to trial regarding their anticipated advice-of-counsel defense. Failure for defendants to provide discovery prior to trial creates the substantial risk that the Court will need to hold a timely and burdensome evidentiary hearing mid-trial. The Court will need to assess the relevance of any evidence offered by defendants in support of the factually intensive, multi-pronged affirmative defense, *i.e.*, their intended advice-of-counsel defense.

## B. Defendants' Assertion of an Advice-of-Counsel Defense is a Waiver of the Attorney-Client Privilege

Because the elements of an advice-of-counsel defense require analysis of communications between a defendant and his or her attorney, assertion of an advice-of-

---

[2] Notably, none of the charges in the present case require *willfulness*. Each charged count for wire fraud, conspiracy to commit wire fraud, and money laundering require that the defendant acted *knowingly*. *See* Fifth Circuit Pattern Jury Instructions (Criminal Cases) § 2.57 (wire fraud) & § 2.77 (money laundering) (2024 ed.).

counsel defense necessarily waives the attorney-client privilege. *Nguyen v. Excel Corp.*, 197 F.3d 200, 207 n.18 (5th Cir. 1999). "Where ... a party asserts as an essential element of his defense reliance upon the advice of counsel … the party waives the attorney-client privilege with respect to all communications, whether written or oral, to or from counsel concerning the transactions for which counsel's advice was sought." *Ward v. Succession of Freeman*, 854 F.2d 780, 787–88 (5th Cir. 1988) (restating the "rule regarding waiver, long-recognized" by courts) (citation omitted). *See also Willy v. Admin. Rev. Bd.*, 423 F.3d 483, 497 (5th Cir. 2005) ("when a party entitled to claim the attorney-client privilege uses confidential information against his adversary (the sword), he implicitly waives its use protectively (the shield) under that privilege").

Courts have held that the attorney-client privilege cannot be employed "as both a sword and a shield," and "[a]ttempts at such improper dual usage of the privilege result in waiver by implication." *Nguyen*, 197 F.3d at 207 n.18 (*citing United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) ("A defendant may not use the [attorney-client] privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes.")). The Second Circuit held in *Bilzerian*, 926 F.2d at 1292, that the defendant waived attorney-client privilege when asserting a good-faith defense based on "[h]is conversations with counsel regarding the legality of his schemes …." The attorney-client "privilege may implicitly be waived when defendant asserts a claim that in fairness requires examination of protected communications." *Id.* Moreover, even "otherwise-privileged communications that defendants do not intend to use at trial, but which are relevant to proving or

undermining the advice-of-counsel defense, are subject to disclosure 'in their entirety.'"

*Crowder*, 325 F. Supp. 3d at 138 (*quoting United States v. Naegele*, 468 F. Supp. 2d 165, 174 n.8 (D.D.C. 2007)).

## C. Defendants are Obligated to Produce Discovery Concerning Their Advice-of-Counsel Defense

Rule 16 of the Federal Rules of Criminal Procedure impose reciprocal discovery obligations on defendants. Specifically, Rule 16(b)(1)(A) provides that where the government complies with a defendant's request for disclosure under Rule 16(a)(1)(E), a defendant "must permit" the government, upon request, to inspect and to copy or photograph books, papers, documents, data, photographs and tangible objects in a defendant's possession, custody, or control that the defendant "intends to use in [its] case-in-chief at trial."

Numerous courts have compelled criminal defendants to produce reciprocal discovery pursuant to Rule 16(b) concerning an advice-of-counsel defense. *See, e.g., United States v. Cooper*, 283 F. Supp. 2d 1215, 1225 (D. Kan. 2003) (ordering defendant to produce documents and objects pursuant to Rule 16(b)(1)(A) concerning his advice-of-counsel defense no later than 14 days before trial); *Crowder*, 325 F. Supp. 3d at 139 (discovery of advice-of-counsel defense to be provided not later than two weeks before trial is scheduled to begin); *United States v. Parks*, 2022 WL 2916080, at *2 (N.D. Okla. July 25, 2022) (any production of discoverable materials concerning an advice of counsel defense should be made 14 days before trial); *United States v. Salzano*, 2024 WL 640751,

at *3 (D.N.J. Feb. 15, 2024) (ordering discovery of advice-of-counsel materials two weeks before trial).

In addition, several courts have ordered that defendants asserting an advice-of-counsel defense must (1) produce items intended to be used in the defendant's case-in-chief at trial Pursuant to Rule 16(b)(1)(A), and (2) "identify and disclose to the government all materials relevant to the assertion of the defense, whether supportive of defendants' case or not." *Crowder*, 325 F. Supp. 3d at 138-39 (*citing United States v. Hatfield,* 2010 WL 183522, at *13 (E.D.N.Y. Jan. 8, 2010) ("disclosure should include not only those documents which support [defendants'] defense, but also all documents (including attorney-client and attorney work product documents) that might impeach or undermine such a defense")); *see also Salzano*, 2024 WL 640751, at *3 (same). "Even otherwise-privileged communications that defendants do not intend to use at trial, but that are relevant to proving or undermining the advice-of-counsel defense, are subject to disclosure 'in their entirety.'" *Naegele*, 468 F.Supp.2d at 174 n.8; *see also United States v. Dallmann*, 433 F. Supp. 3d 804, 814 (E.D. Va. 2020) ("assertion of the advice-of-counsel defense waives the attorney-client privilege to … (i) communications or evidence that the defendant intends to introduce at trial to establish the defense and (ii) communications or evidence that would undermine the defendant's advice-of-counsel defense"). *But see United States v. Wilkerson*, 388 F. Supp. 3d 969, 975 (E.D. Tenn. 2019) (finding "no good cause to compel the Defendants to disclose whether or not they intend to rely on an advice of counsel defense" prior to trial); *see also Salzano*, 2024 WL 640751, at *3 (ordering notice and discovery of an advice-of-counsel defense two weeks

before trial and distinguishing *Wilkerson* "based on [the] procedural posture [in *Salzano*] (about three weeks before trial)").

The case before the Court is similarly situated to the circumstances in *Salzano* and unlike that in *Wilkerson*. In the present case, the trial date is just over four weeks away, and the time for defendants to make its disclosures and produce discovery is upon us. Since defendants have declared their intent to assert an advice-of-counsel defense, defendants have therefore raised several questions of fact to which the government is entitled discovery, including: when defendants' sought the legal advice, what advice was sought, what were the facts then-known to defendants, what facts did defendants convey to their attorney, what advice was given, and whether defendants followed the advice. The alternative is to wait until mid-trial for defendants to produce discovery and conduct evidentiary hearings that will waste judicial resources and unnecessarily prolong jurors' time of service.

## **CONCLUSION**

The rationale for requiring pretrial notice and disclosure is persuasive here. In this case, advance notice and production of discovery related to defendants' asserted advice-of-counsel defense will promote judicial efficiency and the public's right to a speedy trial. To successfully assert an advice-of-counsel defense, defendants will likely need to attempt to introduce as relevant evidence a number of documents that have yet to be disclosed. They will also have to identify the lawyer(s) who supposedly provided such advice and potentially call them to testify at trial, and the government will need discovery to effectively cross examine them. Furthermore, defendants cannot

United States' Motion to Compel Discovery Related to Advice-of-Counsel Defense - 11

elect to assert an advice-of-counsel defense and simultaneously keep relevant materials from the government, which may undermine the defense, behind the shield of attorney-client privilege.  *See Bilzerian*, 926 F.2d at 1292 ("attorney-client privilege cannot at once be used as a shield and a sword.")

The government therefore moves for the Court to grant this motion and find that defendants waived all relevant claims of attorney-client privilege and attorney work product protection concerning any legal advice related to the advice-of-counsel defense that defendants intend to assert at trial.  The government also seeks an order compelling defendants to (a) provide notice of the specific advice that defendants intend to rely on for their advice-of-counsel defense(s) at trial; (b) identify the specific attorneys who provided the relied upon advice; and (c) produce to the government all discoverable materials related to the defendants' intended advice-of-counsel defense, including documents which support the defense and all other documents (including attorney-client and attorney work product documents) that might impeach or undermine such a defense, by the later of either (i) January 20, 2025, or (ii) 14 days before trial.

In the alternative, the government moves that the Court hold an evidentiary hearing prior to trial, which is currently scheduled for February 3, 2025, on the relevance and scope of defendants' advice-of-counsel defense and related privilege waiver issues.

Respectfully submitted,

DAMIEN M. DIGGS
UNITED STATES ATTORNEY

GLENN S. LEON
CHIEF, FRAUD SECTION
DEPARTMENT OF JUSTICE

<u>      */s/*             </u>
THEODORE M. KNELLER
D.C. Bar No. 978680
ADAM L.D. STEMPEL
D.C. Bar No. 1615015
Fraud Section Trial Attorneys
Department of Justice
1400 New York Ave., NW
Washington, DC 20530
(202) 514-5799
(202) 514-3708 (FAX)
02theodore.kneller@usdoj.gov

United States' Motion to Compel Discovery Related to Advice-of-Counsel Defense - 13

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via electronic filing to defense counsel on January 1, 2025.

_____/s/_____
THEODORE M. KNELLER

## CERTIFICATE OF CONFERENCE

I hereby certify that the government has conferred with opposing counsel for both defendants.  On December 11 and 31, 2024, the government sought defendants' position on the government's motion.  Defendant LaShonda Moore is unopposed to providing notice of any advice-of-counsel defense that she intends to assert at trial, including notice of the specific attorney(s) and the related advice to which she will claim an advice-of-counsel defense.  Defendant LaShonda Moore is opposed to the other relief sought in this motion.  As of this filing, counsel for defendant Marlon Moore has not informed the government of Mr. Moore's position.

_____/s/_____
THEODORE M. KNELLER