IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:23-CR-243-ALM-AGD |
| | § | Judge Mazzant |
| LASHONDA MOORE (01) | § | |
| MARLON MOORE (02) | § | |
| | § | |

**GOVERNMENT'S MOTION TO DENY HYBRID REPRESENTATION AND STRIKE DEFENDANTS' *PRO SE* FILINGS, OR, IN THE ALTERNATIVE, HOLD A HEARING FOR DEFENDANTS TO REQUEST NEW COUNSEL OR SEEK TO PROCEED *PRO SE***

The United States files this motion to deny hybrid representation and strike defendant LaShonda Moore's and defendant Marlon Moore's *pro se* filings (ECF 66 – 68), or, in the alternative, a motion to hold a hearing for defendants to state their intentions to proceed with current counsel, request new appointed counsel, or proceed *pro se*. In the event defendants request to proceed *pro* se, the government moves the Court to hold a *Faretta* hearing to ensure that each defendant fully understands the implications of self-representation. *See Faretta v. California*, 422 U.S. 806, 833–36 (1975).

**Background**

On November 8, 2023, defendant LaShonda Moore and defendant Marlon Moore were indicted on nine felony counts for wire fraud conspiracy (18 U.S.C. § 1349), wire fraud (18 U.S.C. § 1343), and money laundering (18 U.S.C. § 1957). (ECF 1.) The indictment alleged that defendants ran an illegal pyramid scheme called Blessings In No Time or "BINT" from their home in Prosper, Texas. *Id.* Upon the parties' joint motion,

Government's Motion to Deny Hybrid Representation and to Strike - 1

the Court specially set the trial for February 3, 2025.  (ECF 30.)  On January 11, 2025, the

government filed a Notice of Plea Agreement as to each defendant.  (ECF 46 and 48.)  On

January 16, 2025, the Court held a change-of-plea-hearing for each defendant before

Magistrate Judge Aileen Goldman Durrett in which each defendant pleaded guilty to

Count 9 of the Indictment pursuant to a Plea Agreement with the government.  (*See* ECF

58-59.)  On January 23, 2025, the Court entered an order adopting Magistrate Judge

Goldman Durrett's Findings of Fact and Recommendations on Guilty Pleas.  (*See* ECF 60-

61.)

As of the time of the filing of this motion, the U.S. Probation Office has not yet

conducted a presentence investigation interview of either defendant.  A date of the

sentencing hearing has not been calendared.  At all times relevant to this motion,

defendants were each separately represented by counsel.

On March 13, 2025, the Clerk of Court received via registered U.S. mail, and

promptly docketed, three documents from defendants as docket entries 66, 67 and 68.

Docket entries 66–68 do not conform with Local Rules CR-49(a) and CV-10(a)(3), which

require that all documents offered for filing shall be signed by the lead attorney or with his

or her permission.  Docket entry 66, dated March 10, 2025, appears to be a joint

submission by defendants in their individual capacities.  Docket entry 67, dated March 10,

2025, bears the notarized signature of defendant LaShonda Moore in her individual

capacity.  Docket entry 68, dated March 10, 2025, bears the notarized signature of

defendant Marlon Moore in his individual capacity.

**Legal Analysis**

Defendants have "no right to file *pro se* motions while represented by counsel." *United States v. Wiley*, 707 F. App'x 802, 803 (5th Cir. 2017) (*citing United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978) (noting that hybrid representation, partly *pro se* and partly counseled, is not allowed)).  Under 28 U.S.C. § 1654,[1] a defendant has a right to appear *pro se* or to be represented by counsel.  But a defendant does not have a right to a hybrid representation, partly by him or herself and partly by counsel.  *United States v. Shea*, 508 F.2d 82, 86 (5th Cir. 1975).

Defendants' filings under docket entries 66, 67 and 68 are *pro se* filings.  At the time of the filings, each defendant was represented by counsel.  Therefore, the government moves the Court to (1) strike docket entries 66–68 as impermissible filings because they constitute hybrid representation, and (2) order that defendants have no right to make *pro se* filings when they are represented by counsel.  *See Daniels*, 572 F.2d at 540.

In the alternative, the Court should set a status hearing to ascertain defendants' intentions for future legal representation in this case.  On March 17, 2025, attorney Ronald Uselton, counsel for defendant Marlon Moore, filed a motion to withdraw as counsel. (ECF 69.)  Attorney Uselton represented to the Court that "Defendant Marlon Moore has indicated that he refuses to communicate with [Attorney Uselton] and that any attempt to contact [Mr. Moore] will result in his seeking criminal and civil penalties.  Further,

---

[1]   28 U.S.C. § 1654 states: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, espectively, are permitted to manage and conduct causes therein."

defendant [Marlon Moore] has indicated that he wishes [Attorney Uselton] to withdraw as counsel and provide no further legal representation." *Id.*

To properly waive counsel, a "defendant must 'unequivocally inform the court of his desire to represent himself,' and the court must determine, through a *Faretta* hearing, whether the defendant is 'knowingly and intelligently' choosing to represent himself." *United States v. Sterling*, 99 F.4th 783, 792 (5th Cir. 2024) (*citing  United States v. Romans,* 823 F.3d 299, 313 (5th Cir. 2016)*; also citing Faretta*, 422 U.S. at 833–36). Because both defendants have attempted to file *pro se* filings while represented by counsel, and based on Attorney Uselton's representations regarding defendant Marlon Moore, the Court should hold a hearing to determine each defendant's intentions regarding proceeding with current counsel, requesting new appointed counsel, or proceeding *pro se*.  In the event that either of the defendants indicates an intention to proceed *pro se*, the Court should conduct a *Faretta* hearing.  *See Sterling*, 99 F.4th at 792.

\*       \*       \*

## Conclusion

For these reasons, the Court should strike docket entries 66–68 in their entirety.  In the alternative, the Court should set a status hearing to ascertain each defendant's intentions regarding legal representation in this case, and if either defendant seeks to proceed *pro se*, the Court should hold a *Faretta* hearing.

Respectfully submitted,

ABE McGLOTHIN, JR.
ACTING UNITED STATES ATTORNEY

LORINDA I. LARYEA
ACTING CHIEF, FRAUD SECTION
DEPARTMENT OF JUSTICE

_____*/s/*_____

THEODORE M. KNELLER
Fraud Section Trial Attorney
Department of Justice
D.C. Bar No. 978680
1400 New York Ave., NW
Washington, DC 20530
(202) 514-5799
(202) 514-3708 (FAX)
theodore.kneller@usdoj.gov

## CERTIFICATE OF CONFERENCE

I hereby certify that I have contacted defense counsel for each defendant regarding this motion. Defense counsel have each attempted to contact their clients but have no representations as of the time of this filing on the government's motion.

_/s/_
THEODORE M. KNELLER

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via electronic filing to defense counsel on March 18, 2025.

_/s/_
THEODORE M. KNELLER