IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:23-CR-243-ALM |
| | § | Chief Judge Mazzant |
| LASHONDA MOORE (01) | § | |
| MARLON MOORE (02) | § | |
| | § | |

### GOVERNMENT'S MOTION FOR A *FARETTA* HEARING AND A *FRYE* INQUIRY

The United States moves the Court to hold a *Faretta* hearing to ensure that each defendant fully understands the implications of self-representation <u>at trial</u>. *See Faretta v. California*, 422 U.S. 806, 833–36 (1975). Although a magistrate judge conducted a *Faretta* hearing of the defendants on April 2, 2025, at that time defendants had pleaded guilty to Count Nine of the Indictment and this Court had accepted their guilty pleas. (ECF 60 & 61.) As observed by the magistrate judge at the April 2nd *Faretta* hearing, based on the posture of the case at that time, the only anticipated remaining procedural event in the case was the defendants' sentencing hearings. (*See* ECF 131.) Because the case is now proceeding to trial (*see* ECF 121), a second *Faretta* hearing is appropriate to clarify for the record that defendants have knowingly and intelligently chosen self-representation <u>at trial</u>.

Additionally, for the reasons stated below, the government requests that the Court conduct a *Frye* inquiry to establish a clear record that a new plea offer was extended on November 5, 2025, and to ensure each defendant has had an opportunity to review and

Government's Motion for a *Faretta* Hearing and a *Frye* Inquiry - 1

consider the plea offer.  *Missouri v. Frye*, 566 U.S. 134 (2012); *see also Lafler v. Cooper*, 566 U.S. 156 (2012).  The government requests the Court conduct a *Frye* inquiry to create a robust record in anticipation of any potential post-conviction claims under 28 U.S.C. § 2255.

## Background

On November 8, 2023, a grand jury in this district indicted defendants LaShonda Moore and Marlon Moore on nine felony counts, including wire fraud and money laundering.  (ECF 1.)  Each defendant was appointed separate counsel.  (ECF 7 & 11.)  Trial was specially set for February 3, 2025.  (ECF 30.)

On December 30, 2024, this Court denied defendant LaShonda Moore's motion to continue trial.  (ECF 38.)  Later that same day, defendant Marlon Moore filed a *pro se* motion for ineffective assistance of counsel and requested new court-appointed counsel and a continuance of the trial date.  (ECF 40.)  Specifically, defendant Marlon Moore alleged that, *inter alia*, appointed counsel had not engaged in discussions regarding plea negotiations.  (*Id.* at p. 1, ¶2.2.)  Following a January 3, 2025 hearing before Magistrate Judge Durrett, defendant Marlon Moore's *pro se* motion to continue the trial date was denied.  (ECF 44.)

On January 16, 2025, each defendant pleaded guilty to one count of money laundering in violation of 18 U.S.C. § 1957 at a hearing before Magistrate Judge Durrett. (ECF 58 & 59.)  On January 23, 2025, this Court accepted each defendant's guilty plea but deferred acceptance of the plea agreement until after a review of the presentence report.  (ECF 60 & 61.)

Government's Motion for a *Faretta* Hearing and a *Frye* Inquiry - 2

On March 13, 2025, both defendants filed multiple *pro se* filings on the case docket.  (*See* ECF 66-68.)  On March 18, 2025, the Court granted the government's motion to strike defendants' *pro se* filings because defendants did not have the right to hybrid representation.  (ECF 71.)  On March 25, 2025, defendants filed eight more *pro se* filings including a notice titled "Notice to Reverse and Dismiss All Claims By Affidavit – Case Closed."  (*See* ECF 66-68, 82-89.)

On March 27, 2025, defendants were arrested for alleged violations of their conditions of pretrial release.  At an initial hearing on the petition to revoke bond, Magistrate Judge Bush ordered that defendants be detained and set a detention hearing.  (*See* ECF 92).

### April 2, 2025 Faretta Hearing

On April 2, 2025, Magistrate Judge Durrett conducted a *Faretta* hearing for each defendant.  At the time of the hearing, each defendant had already pleaded guilty to Count 9 of the Indictment, the Court had adopted Magistrate Judge Durrett's findings of fact and the recommendation as to the guilty pleas, and the Court found the defendants guilty on Count 9.  (ECF 60 & 61.)

During the April 2 *Faretta* hearing, Magistrate Judge Durrett questioned each defendant as to his or her desire to proceed with self-representation.  Magistrate Judge Durrett also reminded defendants that they had previously pleaded guilty in the case and explained the posture of the case to defendants.  Specifically,  Magistrate Judge Durrett observed, "The way that I see it right now, the only thing left to go forward on this case would be sentencing."  (ECF 131, audio recording at 16:36.)

Government's Motion for a *Faretta* Hearing and a *Frye* Inquiry - 3

Throughout the hearing, each defendant made contradictory statements, including a statement by defendant LaShonda Moore that she was not equipped to represent herself, which required Magistrate Judge Goldman Durrett to rephrase multiple questions to clarify each defendant's position on self-representation. (*See, e.g.*, ECF 131, audio recording at 01:55.)  At the conclusion of the *Faretta* hearing, Magistrate Judge Durrett found that each defendant knowingly and voluntarily requested to represent themselves in the present case and should be permitted to do so. (ECF 131, audio recording at 26:40.) Following the *Faretta* hearing, the court conducted a detention hearing for each defendant in which their bond was revoked, and defendants were remanded. (*See id.*)

### September 30, 2025 Sentencing Hearing

On September 30, 2025, both defendants appeared before the Court for their sentencing hearing.  Each defendant displayed what the government would characterize as a lack of acceptance of responsibility as required by their plea agreements.  The Court rejected the plea agreement for each defendant.  Trial is now set for January 5, 2026.

### Government's Attempts to Communicate with Defendants Since September 30, 2025

Since the September 30 sentencing hearing, the government's ability to communicate with defendants, including to present plea offers, has been severely limited. Defendants are *pro se* and are presently detained at Fannin County Jail.  Although the Court has appointed standby counsel for both defendants, the government has had

difficulty communicating with defendants through standby counsel because defendants have repeatedly refused to meet with their standby counsel.

For example, the government prepared a plea offer to present to defendants, which was shared with standby counsel and separately mailed directly to defendants.  Standby counsel for defendant LaShonda Moore, Ms. Allen-McCoy of the Federal Public Defender's Office, informed the government that she was unable to give notice of the proposed plea agreement to Ms. Moore because Ms. Moore refused to meet with her when Ms. Allen-McCoy visited the jail.  Although the government has records showing that the plea agreement was delivered to the jail, the government has been unable to confirm whether Ms. Moore has reviewed it.

Similarly, the staff of the Fannin County Jail mailroom recently informed the government that defendant Marlon Moore had refused to accept legal mail from the Department of Justice and the U.S. Attorney's Office.  The government has been unable to determine whether Mr. Moore has reviewed the government's November 5, 2025 plea offer.  Despite defendant Marlon Moore's refusal to accept mail from the government, the government continues to make discovery[1] and pretrial disclosures to defendants through written notices in the mail.

Finally, family members for each defendant have communicated to the government that defendants LaShonda Moore and Marlon Moore have stated that the government

---

[1] Consistent with the Court's protective order in this case (ECF 18), the government has provided the discovery to standby counsel to hold and maintain on behalf of defendants. Notices of additional productions are provided directly to defendants, whereas the underlying materials described in the notices are provided only to standby counsel.

Government's Motion for a *Faretta* Hearing and a *Frye* Inquiry - 5

should direct communications to defendants' personal representative, Samuel Raithel

Gross.[2]  According to defendants' family members and Mr. Gross, defendants claim that

they are neither represented by counsel nor do they represent themselves in the criminal

case.

### Legal Analysis

To properly waive counsel, a "defendant must 'unequivocally inform the court of

his desire to represent himself,' and the court must determine, through a *Faretta* hearing,

whether the defendant is 'knowingly and intelligently' choosing to represent himself."

*United States v. Sterling*, 99 F.4th 783, 792 (5th Cir. 2024) (*citing United States v.*

*Romans,* 823 F.3d 299, 313 (5th Cir. 2016)*; also citing Faretta*, 422 U.S. at 833–36).

Notably, the Supreme Court has required a "more searching or formal inquiry

before permitting an accused to waive his right to counsel at trial" than for other non-trial

criminal proceedings.  *See Patterson v. Illinois*, 487 U.S. 285, 299 (1988).  This is because

the "dangers and disadvantages of self-representation" are at their most pronounced at

trial, as, "at trial, counsel is required to help even the most gifted layman adhere to the

rules of procedure and evidence, comprehend the subtleties of *voir dire,* examine and

---

[2] As far as the government can tell, Mr. Gross is not a licensed attorney and is subject to a permanent injunction from the State of Texas District Court of Dallas County, 192nd Judicial District, for the unauthorized practice of law.  *Unauthorized Practice of Law Committee S. Ct. Tx. v. Samuel Raithel Gross*, Cause. No. DC-18-02392 (D.Ct. Tx., Dallas Cty, 192nd J. Dist. Aug. 20, 2018).  Although Mr. Gross has not made an appearance in this case, he has entered a *pro se* filing on behalf of defendants.  (ECF 96.)

Government's Motion for a *Faretta* Hearing and a *Frye* Inquiry - 6

cross-examine witnesses effectively (including the accused), object to improper prosecution questions, and much more." *Id.* at 299–300, 300 n.13.

At the time of the April 2 *Faretta* hearing, the government, Magistrate Judge Durrett, and presumably the defendants, anticipated that the case would be concluded following the September 30 sentencing hearing. Therefore, to ensure the record clearly reflects the defendants' knowing and intelligent election of self-representation for the trial, and not solely for sentencing, the Court should conduct a second *Faretta* hearing to confirm each defendant's intentions regarding proceeding *pro se* at trial. *See Sterling*, 99 F.4th at 792.

In addition, given the practical challenges for the government to communicate with defendants, and the presently unclear position of defendants as to the plea offer, the government requests that the Court conduct a *Frye* inquiry to establish a record that defendants were (1) aware of the plea offer, and (2) had an opportunity to review and consider the plea offer. The Fifth Circuit Court of Appeals has held that the Supreme Court's holding in *Frye* permits judges to engage in "standard *Frye* inquiry" to confirm that a plea offer had been communicated to defendant and for the court "to ask reasonable follow-up questions and probe the parties' responses." *United States v. Draper*, 882 F.3d 210, 217 (5th Cir. 2018).

## Conclusion

For these reasons, the Court should Grant the government's motion to conduct a *Faretta* hearing regarding defendants' self-representation at trial, and to conduct a *Frye* inquiry regarding the government's November 5, 2025 plea offer.

Respectfully submitted,

JAY R. COMBS
UNITED STATES ATTORNEY

LORINDA I. LARYEA
ACTING CHIEF, FRAUD SECTION
DEPARTMENT OF JUSTICE

/s/

THEODORE M. KNELLER
D.C. Bar No. 978680
ADAM L.D. STEMPEL
D.C. Bar No. 1615015
Fraud Section Trial Attorneys
Department of Justice
1400 New York Ave., NW
Washington, DC 20530
(202) 514-5799
(202) 514-3708 (FAX)
theodore.kneller@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on November 19, 2025, a true and correct copy of the foregoing was sent via electronic filing to standby counsel and sent via FedEx to each of the defendants.

/s/
THEODORE M. KNELLER


## CERTIFICATE OF CONFERENCE

I hereby certify pursuant to local rule CR-47(a)(3) both defendants are *pro se* litigants and incarcerated.  On November 16, 2025, I sought the position of defendants through their respective standby counsel.  Neither standby counsel has representations from either defendant regarding this motion, and therefore the government has been unable to confer with defendants on this motion.

/s/
THEODORE M. KNELLER