UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO.  4:23CR243 |
| | § | (Judge Mazzant) |
| LASHONDA MOORE | § | |

## DEFENDANT'S REQUEST FOR PSYCHOLOGICALAND/OR PSYCHIATRIC EXAMINATION OF THE DEFENDANT

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS:

COMES NOW, Defendant LASHONDA MOORE, by and through her undersigned attorney, and files this, her REQUEST FOR PSYCHOLOGICAL AND/OR PSYCHIATRIC EXAMINATION OF THE DEFENDANT, and would show this Honorable Court as follows, to-wit:

## I.

## PROCEDURAL HISTORY

On November 20, 2023, the Defendant had an Initial Appearance and Arraignment on an Indictment, in which the Defendant is charged with one Count of Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1349, five Counts of Wire Fraud in violation of 18 U.S.C. § 1343, and three counts of Money Laundering in violation of 18 U.S.C. § 1957.   At that time, Michael Pannitto with the Federal Defender's Office was appointed to represent the Defendant.

On September 24, 2024, the Court granted the Defendant's Motion to Substitute and substituted retained attorney Darlina Crowder for appointed attorney Michael Pannitto.

On January 16, 2025, the Defendant entered a plea of guilty to Count Nine of the Indictment, Money Laundering, in violation of 18 U.S.C. § 1957.

On March 18, 2025, Darlina Crowder filed a Motion to Withdraw based on statements that the Defendant had made, to include that the Defendant would not accept any further communications with counsel and that the Defendant did not consent to unauthorized representation.   On March 27, 2025, the Court granted the Motion to Withdraw.

On April 2, 2025, the Court held a Faretta hearing and granted the Defendant's request to represent herself, with standby counsel.   Undersigned counsel was appointed as standby counsel.

On September 30, 2025, the Court called the case for a sentencing hearing.   At that time, the Court rejected the parties' plea agreement and set the case for trial. Trial is currently scheduled to begin on January 5, 2026.

Since the plea agreement was rejected, undersigned counsel has made three attempts to visit with the Defendant at Fannin County Jail.   On October 3, 2025, the Defendant met with counsel but only stayed for approximately ten minutes.   On October 31, 2025, and November 14, 2025, jail personnel advised that the Defendant would not meet with counsel.

On December 2, 2025, the Defendant filed a document with the Court, wherein she rejected both pro-se status, and the appointment of counsel, and asserted that she does not consent to any judicial contract, proceeding, classification, or representation.

On December 9, 2025, a Faretta/Frye hearing was held.   During the hearing, the Defendant provided nonresponsive answers to the Court's questions.   Regardless of the question asked, the Defendant answered with assertions that she was standing on the administrative record, will not participate in the judicial proceeding, and that she was present under duress. The Court appointed standby counsel as counsel of record for the Defendant.

## II.

## <u>GROUNDS FOR MOTION</u>

Defense counsel respectfully requests that the Court order a psychiatric or psychological examination of the Defendant to determine her mental competency, pursuant to Title 18 U.S.C. § 4241. Defense counsel believes that the Defendant may be presently suffering from a mental disease or defect rendering her mentally incompetent.

Based on the Defendant's nonresponsive answers to the Court's questioning during the December 9, 2025 hearing, her repeated references to administrative procedure despite the fact that she has been indicted in a federal criminal case, and the nonsensical assertions in the Defendant's filings with the Court, undersigned counsel is concerned that the Defendant may be suffering from an underlying mental health issue, causing her to not be able to fully understand and appreciate the nature and consequences of the proceedings against her and to effectively participate in her own defense. If convicted of all pending charges at trial, the Defendant is facing a statutory maximum penalty of 150 years imprisonment.

WHEREFORE PREMISES CONSIDERED, Counsel for the Defendant prays that this Honorable Court issue an order directing that the Defendant be committed to the custody of the Attorney General for the purpose of having the Defendant examined as to her mental competency. Further, the Defendant prays that the psychological report or reports of the attending diagnosticians be made available to this Honorable Court, the Government, and Defendant's counsel.

Respectfully submitted,

 /s/ Michelle Allen-McCoy
MICHELLE ALLEN-McCOY
Assistant Federal Defender
Eastern District of Texas
7460 Warren Parkway, Suite 270
Frisco, Texas 75034
(469) 362-8506
FAX: (469) 362-6010

*Attorney for Defendant*

## CERTIFICATE OF CONFERENCE

Defense counsel contacted Assistant United States Attorneys, Theodore Kneller and Abe McGlothin, Jr, who advised that the Government does not take any position on this motion.

/s/ Michelle Allen-McCoy
MICHELLE ALLEN-McCOY
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of December 2025, a true and correct copy of the foregoing, Defendant's REQUEST FOR PSYCHOLOGICAL AND/OR PSYCHIATRIC EXAMINATION OF THE DEFENDANT was sent by CM/ECF to:

Theodore Kneller
Adam Stempel
1400 New York Ave. NW
Washington, DC 20005

Abe McGlothin, Jr.
Assistant U.S. Attorney
600 East Taylor
Suite 2000
Sherman, TX 75090

/s/ Michelle Allen-McCoy
MICHELLE ALLEN-McCOY
*Attorney for Defendant*