IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:23-CR-243-ALM |
| | § | Chief Judge Mazzant |
| LASHONDA MOORE (01) | § | |
| | § | |
| | § | |

**GOVERNMENT'S RESPONSE TO DEFENDANT LASHONDA MOORE'S
REQUEST FOR PSYCHOLOGICAL AND/OR PSYCHIATRIC EXAMINATION**

The United States files this response to defendant LaShonda Moore's Request for

Psychological or Psychiatric Examination. (ECF 140.) Counsel for defendant has moved

the Court to order a psychiatric or psychological examination of the defendant pursuant to

18 U.S.C. § 4241. On December 9, 2025, counsel for defendant sought the government's

position on defendant's motion, and the government stated that it took no position. On

December 10, 2025, the Court ordered the government to file an expedited response.

(ECF 146.) A hearing on defendant's motion is scheduled for December 17, 2025.

**A. Legal Standard**

Defendant's motion puts defendant in essentially the same posture as the defendant

in *United States v. Flores-Martinez*, 677 F.3d 699, 706 (5th Cir. 2012). In *Flores-*

*Martinez*, defense counsel made a motion for a court-ordered mental competency

evaluation but did not move for a mental competency hearing. *Id.* The statutory directive

contained in 18 U.S.C. § 4241 provides that a criminal defendant whose competency is in

question may be subjected to a mental competency hearing. *Id.* at 706. If neither the

Government's Response to Defendant LaShonda Moore's Motion for Psychological Exam - 1

defendant nor the government moves for such a hearing (as is the case here), then 18 U.S.C. § 4241(a) "requires the district court to *sua sponte* conduct a [competency] hearing 'if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.'" *Id.* at 706. (quoting 18 U.S.C. § 4241(a)).  Furthermore, pursuant to 18 U.S.C. § 4241(b), "the court 'may order' that a mental competency examination be conducted on the defendant prior to the competency hearing." *Id.* at 706.

In *Flores-Martinez*, the Fifth Circuit applied an abuse of discretion standard in reviewing the "district court's failure to *sua sponte* conduct a mental competency hearing and its denial of the defense's motion for a mental competency evaluation." *Id.* at 706. "We have consistently observed that the district court is in the best position to determine the need for a competency hearing." *Id.* (internal citations and quotations omitted).  *See also United States v. Ruston*, 565 F.3d 892, 901 (5th Cir. 2009) ("Whether the district court erred in not *sua sponte* holding a competency hearing is reviewed for abuse of discretion."); *United States v. Davis*, 61 F.3d 291, 304 (5th Cir. 1995) ("Whether 'reasonable cause' exists to put the court on notice that the defendant might be mentally incompetent is left to the sound discretion of the district court.") (citation omitted).

"There is no specific threshold or 'quantum of evidence' that requires the district court to order a competency hearing." *United States v. Mitchell*, 709 F.3d 436, 440 (5th Cir. 2013) (quoting *Davis v. Alabama*, 545 F.2d 460, 464 (5th Cir. 1977)).  In determining

Government's Response to Defendant LaShonda Moore's Motion for Psychological Exam - 2

whether a competency hearing is required, the Fifth Circuit considers three factors: (1) any history of irrational behavior; (2) the defendant's demeanor at a trial, if any; and (3) any prior medical opinion on competency. *United States v. Garcia*, 674 F. App'x 351, 353 (5th Cir. 2016) (citing *United States v. Davis*, 61 F.3d 291, 304 (5th Cir. 1995)).

## B. Analysis

The Fifth Circuit's second factor (demeanor at trial) and third factor (prior medical opinions) do not apply in the present case.  Therefore, in considering defendant's motion, the Court should consider whether defendant's behavior in in this case (including defendant's appearance in pre-trial hearings and defendant's statements in *pro se* filings) was sufficiently irrational to give the Court "reasonable cause" to believe that the defendant may be mentally incompetent to the extent that she "is unable to understand the nature and consequences of the proceedings against [her] or to assist properly in [her] defense."  18 U.S.C. § 4241(a); s*ee also Flores-Martinez*, 677 F.3d at 706.

Counsel's basis for the motion essentially relies on (1) defendant's refusal to meet with appointed counsel, and (2) the substance of defendant's responses to inquiries from the Court at the December 9, 2025, *Faretta* hearing that defendant "was standing on the administrative record, will not participate in the judicial proceeding, and that she was present under duress."  (Def.'s Mot., ECF 140 at 2.)  Defendant's responses to the Court's questions at the December 9, 2025, *Faretta* hearing were substantially similar to defendant's statement at the September 30, 2025, hearing in which the Court rejected defendant's plea agreement.  At the September 30, 2025, hearing, defendant stated that "I also reserve my rights. I've executed an affidavit [that] to this day that has not been

Government's Response to Defendant LaShonda Moore's Motion for Psychological Exam - 3

contested.…[and] ask that the Court dismisses this case and release me." (*See* Sept. 30, 2025, Hrg. Tr. at p. 2, ln. 16-21; ECF 142.) Although defendant's statements at the December 9 *Faretta* hearing were not responsive to the Court's specific questions, the government fails to see how defendant's statements manifest "reasonable cause" to believe that the defendant "is unable to understand the nature and consequences of the proceedings against [her] or to assist properly in [her] defense" that would require the Court to order a competency hearing. *See* 18 U.S.C. § 4241(a). To the contrary, defendant appears to have consciously decided on a legal defense, notwithstanding that, in the government's view, the defense is without basis in fact or law.

Several other Circuit Courts of Appeal have rejected similar arguments that defendants' beliefs in unsound legal defenses, in and of themselves, were a basis to find mental incompetence. The First Circuit in *Robidoux v. O'Brien*, 643 F.3d 334, 339 (1st Cir. 2011), for example, held that the defendant's "core argument … [that] the government and courts have no legitimate authority over the defendants … is a misunderstanding of the law, but it … does not prevent a defendant from knowing that the government has put him on trial, recognizing the procedures to be used, or appreciating advice that lack of authority claims will not constitute an effective defense." Similarly, the Seventh Circuit held that "[m]any litigants articulate beliefs that have no legal support …. Sometimes these beliefs are sincerely held, sometimes they are advanced only to annoy the other side, but in neither event do they imply mental instability or concrete intellect so deficient that trial is impossible." *United States v. James*, 328 F.3d 953, 955 (7th Cir. 2003) (internal citation omitted). *See also, e.g.*, *United States v. Dubrule*, 822

Government's Response to Defendant LaShonda Moore's Motion for Psychological Exam - 4

F.3d 866, 876 (6th Cir. 2016) ("the mere fact that [defendant] espouses a far-fetched, or even bizarre, legal-defense theory is insufficient to clear the high hurdle for incompetency") (internal citations and quotations omitted); *United States v. Heard*, 762 F.3d 538, 542 (6th Cir. 2014) (defendant's refusal to cooperate with appointed counsel was not sufficient to cause the district court to doubt defendant's competency, only that defendant "simply chose not to do so") (internal quotations omitted); *United States v. DiMartino*, 949 F.3d 67, 72 (2d Cir. 2020) ("unorthodox political and legal theories espoused by [the defendant] are not presumptive evidence of mental incompetence. On the contrary, there are many reasons that mentally competent criminal defendants choose to pursue unsupported or even outlandish theories in their defense"); *United States v. Neal*, 776 F.3d 645, 657 (9th Cir. 2015) ("voluminous filings of nonsensical pleadings do not create *per se* serious doubt about competency") (citations omitted).

## C. Conclusion

For the reasons stated above, it is within the Court's discretion to deny defendant's motion for a competency evaluation under 18 U.S.C. § 4241(b), and it is within the Court's discretion to determine, based on the record before the Court, that there is not reasonable cause for the Court to *sua sponte* order a competency hearing under 18 U.S.C. § 4241(a).  Similarly, should defendant move for a competency hearing under 18 U.S.C. § 4241(a), based on the record presently before the Court, it is within the Court's discretion to deny such a motion.

Respectfully submitted,

JAY R. COMBS
UNITED STATES ATTORNEY

LORINDA I. LARYEA
ACTING CHIEF, FRAUD SECTION
DEPARTMENT OF JUSTICE

_____/s/_____
THEODORE M. KNELLER
D.C. Bar No. 978680
ADAM L.D. STEMPEL
D.C. Bar No. 1615015
Fraud Section Trial Attorneys
Department of Justice
1400 New York Ave., NW
Washington, DC 20530
(202) 514-5799
(202) 514-3708 (FAX)
theodore.kneller@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on December 15, 2025, a true and correct copy of the foregoing was sent via electronic filing to counsel for defendant.

_____/s/_____
THEODORE M. KNELLER