**In the United States District Court**
**for the Eastern District of Texas**
**Sherman Division**

| | | |
|---|---|---|
| United States of America | | No. 4:23CR243 |
| v | | |
| Marlon Moore | | |

## Defendant Marlon Moore's Motions in Limine

The Defendant, Marlon Moore, requests this Court to grant the following motions in limine.

### 1. Use of the terms "Ponzi," "pyramid," or "scheme" to describe the program "Blessings In No Time (BINT)" or other similar programs

Black's Law Dictionary defines "Ponzi scheme" as a "fraudulent investment scheme in which money contributed by a later investor generates artificially high dividends or returns for the original investors, whose example attracts even larger investments Money from the new investors is used directly to repay or pay interest to earlier investors, usually without any operation or revenue-producing activity other than the continual raising of new funds. Ponzi Scheme, Black's Law Dictionary (12th ed. 2024).

A "pyramid scheme" is "[a] dishonest and often illegal way of selling investments, whereby money from later investors is used to pay people in the system who have already invested . . . ." Pyramid Scheme, Black's Law Dictionary (11th ed. 2019).

Notably, there is no federal statute prohibiting pyramid or Ponzi structures. It is the fraud that is prosecuted, and that is what the government purports to

prosecute in this case. Because these terms necessarily require fraudulent conduct, to state as a matter of fact or opinion that BINT or other similar programs are "Ponzi schemes" or "pyramid schemes" constitutes an impermissible opinion on an ultimate issue in a criminal case, prohibited under the Federal Rules of Evidence. Fed. R. Evid. 704(b).

Accordingly, the Defendant makes the following motions:

1.1. That the Court order the Government's attorneys to not use the terms "Ponzi" "pyramid" or "scheme" to describe BINT or other similar programs, except as provided below.

1.2. That the Court order the Government to instruct their lay witnesses not use the terms "Ponzi," "pyramid," or "scheme" to describe BINT or other similar programs, except as provided below.

1.3. That the Court order the Government to instruct their expert witnesses not use the terms "Ponzi," "pyramid," or "scheme" to describe BINT or other similar programs, except as provided below.

## 2. Use of the Defendant's withdrawn plea agreement

"When [a] plea [is] annulled it cease[s] to be evidence." *Kercheval v. United States*, 274 U.S. 220, 224 (1927). Procedurally, the Defendant withdrew his plea in this case when the Court rejected his Rule 11(c)(1)(C) plea agreement and set this case for trial. *See* Fed. R. Crim. P. 11(d)(2)(A)("A defendant may withdraw a plea of guilty or nolo contendere: . . . (2) after the court accepts the plea, but before it imposes sentence if: (A) the court rejects a plea agreement under 11(c)(5).").

Rule 11 instructs that Federal Rule of Evidence 410 governs the admissibility of the plea agreement in this circumstance. Fed. R. Crim. P. 11(f). Rule 410 provides that evidence of a guilty plea that was later withdrawn is inadmissible against the defendant. Fed. R. Evid. 410(a)(1).

Accordingly, the Defendant makes the following motions:

2.1. That neither the Government's attorneys nor its witnesses refer to the existence of a previous plea agreement or the fact that the defendant previously admitted guilt, except as provided below.

2.2. That neither the Government's attorneys nor its witnesses refer to the contents of the defendant's previously adopted factual basis, except as provided below.

2.3. That neither the Government's attorneys nor its witnesses refer to any statement made by the defendant in furtherance of that agreement, in a judicial proceeding or otherwise, except as provided below.

## 3. Prayer

The Defendant, Marlon Moore, requests this Court to direct the Government, its attorneys, and witnesses to refrain from mentioning, referring to, or eliciting testimony identified by the Defendant in this motion without first approaching the bench and obtaining a ruling on the admissibility of such matters.

Respectfully Submitted

**ROSENTHAL KALABUS & THERRIAN**
7300 State Highway 121, Suite 400
McKinney, TX 75070
(972) 369-0577 T
(972)(369-0532 F

By:＿＿/S/ Kyle Therrian＿＿＿＿＿＿
     Kyle T. Therrian
     kyle@texasdefensefirm.com
     SBN: 24075150

## Certificate of Conference

Defense counsel contacted the Assistant United States Attorneys representing the Government in this case. Assistant United States Attorney Adam L.D. Stempel indicated the Government's positions as:

1.1        Opposed.

1.2        Opposed.

1.3        Opposed.

2.1 – 2.3   The government does not expect to admit evidence of the defendants' plea agreements in its case-in-chief. If either defendant opens the door to this evidence by referring to the plea agreements, the government reserves the right to introduce evidence in rebuttal.

＿＿＿＿＿/S/ Kyle Therrian＿＿＿＿＿＿
     Kyle T. Therrian

## Certificate of Service

I hereby certify that on December 29, 2025, a true and correct copy of the foregoing motion was sent by CM/ECF to:

Theodore Kneller
Adam Stempel
1400 New York Ave. NW
Washington, DC 20005

Adam Stempel
1400 New York Ave. NW
Washington, DC 20005

Abe McGlothin, Jr.
Assistant U.S. Attorney
600 East Taylor
Suite 2000
Sherman, TX 75090

/S/ Kyle Therrian
Kyle T. Therrian
