IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

UNITED STATES OF AMERICA      §
     §
v.      §      No. 4:23-CR-243
     §      Chief Judge Mazzant
LASHONDA MOORE (1)      §
MARLON MOORE (2)      §

**UNITED STATES' RESPONSE TO
DEFENDANT MARLON MOORE'S FIRST MOTION *IN LIMINE***

Defendant Marlon Moore's motion *in limine* (ECF No. 169) to preclude any mention of the terms "pyramid," "Ponzi," and "scheme" by the government's attorneys, lay witnesses, and expert is legally baseless and should be denied.

The defendants put these terms directly at issue in this case. They did this first by operating a pyramid scheme, which on its own is an ample basis to permit the government to explain through testimony and argument what a pyramid scheme is and why such schemes are "inherently fraudulent." *Torres v. S.G.E. Mgmt., L.L.C.*, 838 F.3d 629, 638 (5th Cir. 2016) ("[B]y design, a pyramid scheme's fraud inheres in its concealment of the deceptive nature of the 'robbing Peter to pay Paul' payment structure."). The government expects to elicit testimony from its proffered expert, Professor William Keep, who will explain the hallmarks of pyramid schemes, different forms they take, and their mathematical fate, as disclosed in the government's First Amended Notice of Expert Testimony (ECF No. 150). Consistent with its expert disclosure, the United States does not expect Professor Keep to render a formal opinion on whether BINT itself was in fact a pyramid scheme.

United States' Response to Marlon Moore's First Motion *in Limine* - 1

But the defendants also put the terms "pyramid," "Ponzi," and "scheme" at issue by conducting internet searches for them, multiple times, over the course of the charged scheme. For example, on August 1, 2020, defendant Marlon Moore searched for "what is a ponzi pyramid scheme" on Google. He then visited a website titled, "Ponzi Scheme vs. Pyramid Scheme: What's the Difference?" On November 5, 2020, Mr. Moore searched, "defenses for pyramid scheme," and then visited an article titled, "Charged with a Ponzi Scheme - How Can a Lawyer Help Me?"

The government expects to admit evidence and explanation of these searches and others, which are highly probative of the defendants' knowledge of the unlawful nature of their conduct, as well as evidence of intent (as the searches did not mark the end of their scheme) and consciousness of guilt. Additionally, the government expects to admit evidence that the defendants misled their victims specifically by attempting to distinguish BINT from other virtually identical groups that had been identified as pyramid schemes by state regulators. This further puts the terms "pyramid," "Ponzi," and "scheme" at issue.

Furthermore, the lone authority cited by Mr. Moore—Fed. R. Evid. 704— undermines his argument. Rule 704 states, "An opinion is *not* objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a) (emphasis added). To be sure, "[i]n a criminal case, an expert witness must not state an opinion about whether the defendant did or did not *have a mental state or condition* that constitutes an element of the crime charged or of a defense." Fed. R. Evid. 704(b) (emphasis added). But whether a particular arrangement is or is not a pyramid scheme does not implicate the defendant's mental state, so Rule 704(b) is inapplicable here. To the contrary, an expert opinion on what is or is not

a pyramid scheme is particularly likely to "help the trier of fact to understand the evidence or to determine a fact in issue," Fed. R. Evid. 702(a), where the nature of the scheme is not immediately obvious. *See Torres*, 838 F.3d at 639 ("The fraud lies in the concealment of the inevitable collapse that results from the scheme's structure.").

For these reasons, the government should be permitted to use and elicit the terms "Ponzi," "pyramid," and "scheme" during its case in chief, and the motion should be denied.

Respectfully submitted,

JAY R. COMBS
UNITED STATES ATTORNEY

LORINDA I. LARYEA
ACTING CHIEF, FRAUD SECTION
DEPARTMENT OF JUSTICE

/s/ *Adam L.D. Stempel*
ADAM L.D. STEMPEL
D.C. Bar No. 1615015
THEODORE M. KNELLER
D.C. Bar No. 978680
Fraud Section Trial Attorneys
Department of Justice
1400 New York Ave., NW
Washington, DC 20530
(202) 616-1546
Adam.stempel@usdoj.gov

ABE MCGLOTHIN, JR.
Assistant United States Attorney
Mississippi Bar No. 104247
600 East Taylor, Suite 2000
Sherman, TX 75090
469-298-5430
abe.mcglothin@usdoj.gov

United States' Response to Marlon Moore's First Motion *in Limine* - 3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via electronic filing to counsel for defendants on December 31, 2025.

/s/ *Adam L.D. Stempel*
ADAM L.D. STEMPEL